GREGORY F. HURLEY (SBN 126791)
MICHAEL J. CHILLEEN (SBN 210704)
ROGER L. SCOTT (SBN 247165)
GREENBERG TRAURIG, LLP
3161 Michelson Drive, Suite 1000
Irvine, CA 92612-4410
Telephone: (949) 732-6500
Facsimile: (949) 732-6501
E-mail: hurleyg@gtlaw.com
chilleenm@gtlaw.com; scottro@gtlaw.com

Attorneys for Defendant
Home Depot USA, Inc. a Delaware
Corporation

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA<br><br>ACCUSER: Michael McGrath<br><br>    Plaintiff,<br><br>        vs.<br><br>HOME DEPOT USA., Inc., a Delaware, Corporation, and DOES 1 through 99, Inclusive,<br><br>    Defendants. | CASE NO. 3:13-cv-01804-WQH-KSC<br><br>**DEFENDANT HOME DEPOT USA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date:          September 30, 2013<br>Time:         11:00 a.m.<br>Dept:         14B<br>Judge:        William Q. Hayes<br>Action Filed: July 22, 2013<br>Trial Date:   None Set |

GREENBERG TRAURIG, LLP
3161 Michelson Drive, Suite 1000
Irvine, CA 92612-4410

## I.      INTRODUCTION.

Plaintiff Michael McGrath's ("Plaintiff") Motion to Remand for lack of Federal jurisdiction is baseless.  His Complaint plainly states a claim for an alleged violation of the Americans with Disabilities Act ("ADA").  Further, the Motion to Remand itself which admits:  "Another cause of action is alleged violations of….the Americans with Disability [sic] Act, ADA 1990 Title III Public Accommodations."  [Mot. to Remand, Docket 9 at 5:9-11] (emphasis added).

To circumvent the plain language of his Complaint and Motion, Plaintiff goes to great lengths to argue that the ADA is simply an "element" of some other claim.  However, nothing in the Complaint supports this argument.  Further, even if Plaintiff's theory were true, it would not divest this Court of jurisdiction.  Thus, Defendant Home Depot USA, Inc. respectfully requests that the Court deny Plaintiff's Motion to Remand.

## II.     STANDARDS FOR REMOVAL AND REMAND

"On a motion to remand, the court must determine whether the case was properly removed to federal court."  *Krangel v. Crown*, 791 F.Supp. 1436, 1437 (S.D.Cal. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194-1195 (9th Cir. 1988).  "Because a court's decision to remand may not be appealed, 'courts should be cautious about remand.'"  *Krangel, 791 F.Supp. at 1437*, citing *Roche v. American Red Cross*, 680 F.Supp. 449, 451 (D.Mass. 1988).

The question of proper removal in a federal question case, in turn, depends on a determination of whether the state claims "arise under" or involve a substantial federal question.  In particular, it is hornbook law that the federal courts have "jurisdiction to hear, originally *or by removal* … those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, *or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law*."  *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) (emphasis added); *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 (9th Cir. 1996) (a state court action is properly removed where "one or more of the state law claims

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

OC 287145295v1

necessarily turns on the construction of a substantial, disputed federal question").  Thus, removal is proper whenever the claims "arise under" federal law, and depends on "whether the case originally could have been filed in federal court."  *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th 1977); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997).

Moreover, the existence of removal jurisdiction based on a federal question is *determined from the face of the complaint as it existed at the time of removal*, and is not based on subsequent events or subsequent amendments to a pleading.  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979); *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).  Likewise, while a plaintiff is ordinarily the master of his complaint and may elect to forego federal remedies to pursue *only* state law remedies and causes of action, the "plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim *or by casting in state law terms a claim that can be made only under federal law*."  *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (emphasis added); *Schwartz v. FHP International Corp.*, 947 F.Supp. 1354, 1358 (D.Az. 1996) (removal to federal court is appropriate where the complaint raises claims that fall within ERISA's broad preemption scope, even though the plaintiff does not allege federal question jurisdiction).

Based on the foregoing principles, and given that any right of Plaintiff to relief depends on a resolution of a question of federal law, the action was clearly removable to this Court at the time of the removal.

## III.   PLAINTIFF'S COMPLAINT STATES A FEDERAL CAUSE OF ACTION ON ITS FACE.

Plaintiff himself admits that one of his causes of action is for violation of the ADA itself:  "Another cause of action is alleged violations of….the Americans with Disability [sic] Act, ADA 1990 Title III Public Accommodations."  [Mot. to Remand, Docket 9 at 5:9-11]

Plaintiff's admission is amply supported by the allegations in his Complaint:

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
OC 287145295v1

SECOND CAUSE OF ACTION

(<u>Violations of</u> California CIV. CODE §51 et seq., §54.1 Unruh Civil Rights

Act and California Public Accommodation law, <u>The Americans with</u>

<u>Disability [sic] Act (ADA) of 1990 Title III- Public Accommodations</u>)

[Not. Of Removal, Ex. A (Pl.'s Complaint), Docket 1-1 at 66:16-21] (emphasis added).

Nothing in Plaintiff's Complaint indicates that this cause of action is based solely on the ADA as an element of some other claim.  To the contrary, Plaintiff's allegations throughout his Complaint demonstrate that he has stated a claim for violation of the ADA itself, reliant on Federal law:

- "Home Depot Corporation, USA, is the type of entity subjected to the statutory nondiscrimination mandated and enacted into law.  The Home Depot USA, Inc. is a private entity.  42 U.S.C. §12182(7)."  [*Id*. at ¶248]

- "The Home Depot USA, Inc. is an entity that 'owns, leases (or leases to), or operates a 'place of public accommodations' 42 U.S.C. §12182 and individuals with disibilities may pursue statutory claims against either or both."  [*Id*. at ¶250]

- "The ADA recognizes and protects the civil rights of people with disabilities….  The ADA covers a wide range of disability….  The ADA addresses access to…places of public accommodation and commercial facilities (title III)."  [*Id*. at ¶258]

*See also*, *Id*. at ¶259 (citing Title III of the ADA, and Federal regulations relating to removal of barriers); ¶260 (citing Federal regulations relating to accessibility of new construction); ¶261 (citing Federal regulations relating to alterations of existing public accommodations); ¶262 (citing the U.S. Department of Justice as the enforcing agency for the ADA and ADAAG), and ¶¶263-268 (citing the ADA and supporting Federal

1  regulations, including the right to private action for enforcement of the ADA, without any

2  reference to a state claim or state remedy).[1]

3      Further, even if, as Plaintiff contends, he is only relying on the ADA as a predicate

4  for other claims, Federal question jurisdiction still exists.  As explained in *Pickern v. Best*

5  *Western Timber Cove Lodge Marina Resort*, 194 F.Supp.2d 1128 (E.D.Cal. 2002):

6          Simply by incorporating the ADA into state law, state legislatures cannot

7          divest the federal courts of original jurisdiction over state claims that are, for

8          all intents and purposes, federal ADA claims.

9  *Id*. at p. 1132 at fn 5 (emphasis added).

10      Plaintiff plainly states a cause of action arising under federal law.  Thus, Plaintiff's

11  Motion to Remand should be denied.

12  **IV.   CONCLUSION**

13      For the foregoing reasons, Defendant respectfully requests that the Court deny

14  Plaintiff's Motion to Remand.

15

16  DATED:  September 17, 2013        GREENBERG TRAURIG, LLP

17

18          By /s/ *Gregory F. Hurley*

19          GREGORY F. HURLEY
           MICHAEL J. CHILLEEN

20          ROGER L. SCOTT
           Attorneys for HOME DEPOT USA., INC.,

21          a Delaware Corporation
           E-mail:  hurleyg@gtlaw.com;

22          chilleenm@gtlaw.com; scottro@gtlaw.com

23

24

25

26

27

28

___

[1] This is only a sample of the references in Plaintiff's Complaint to the ADA. *See*, generally, Docket 1-1 at ¶22-30, 234, 242-290.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
OC 287145295v1

<u>**CERTIFICATE OF SERVICE**</u>

**STATE OF CALIFORNIA, COUNTY OF ORANGE:**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **3161 Michelson Drive, Suite 1000, Irvine, CA 92612.**

On the below date, I served **DEFENDANT HOME DEPOT USA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** with the Clerk of the United States District Court for the Southern District, using the CM/ECF System. The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

MICHAEL McGRATH                          ***In Pro Per***
415 Summerhill Terrace                    MICHAEL McGRATH
Alpine, CA  91901
Email:  mmhd911@gmail.com

☒   **[BY MAIL]**  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

☐   **BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**
In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system..

☒   **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **September 17, 2013** at Irvine, California.

Carrie Strand
Carrie Strand

OC 287145295v1