SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
ADRIENNE W. LEE, Cal. Bar No. 265617
alee@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendant
Home Depot U.S.A., Inc., a Delaware Corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| THE PEOPLE OF THE STATE OF CALIFORNIA ACCUSER: Michael Mc Grath,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation, and DOES 1 through 99,<br><br>　　　　　　Defendants. | Case No. 3:13-CV-1804-WQH-KSC<br><br>**HOME DEPOT U.S.A., INC.'S**<br><br>**(1) OPPOSITION TO PLAINTIFF'S MOTION REQUESTING DISMISSAL OF ACTION WITHOUT PREJUDICE AND IN THE ALTERNATIVE, REMAND**<br><br>**(2) REQUEST THAT THE COURT DISMISS FEDERAL CLAIMS WITH PREJUDICE AND STATE CLAIMS WITHOUT PREJUDICE**<br><br>[Removed from San Diego Superior Court Case No. 37-2013-00058536-CU-BT-CTL]<br><br>Hon. William Q. Hayes<br>Courtroom: 14B |

# TABLE OF CONTENTS

**Page**

I. BACKGROUND AND PROCEDURAL HISTORY ......................................... 1

II. LEGAL STANDARD AND ANALYSIS ......................................................... 2

III. THE COURT SHOULD DISMISS PLAINTIFF'S FEDERAL CLAIMS WITH PREJUDICE ............................................................................ 3

# TABLE OF AUTHORITIES

Page(s)

Federal Cases

*Smith v. Lenches*
    263 F.3d 972 (9th Cir. 2001) ......................................................................... 2, 3

Federal: Statutes, Rules, Regulations, Constitutional Provisions

Fed. R. Civ. Proc. 41(a)(2) .................................................................................. 1, 2, 3

State: Statutes, Rules, Regulations, Constitutional Provisions

Rule 41(a)(1) ......................................................................................................... 2

Defendant Home Depot U.S.A., Inc. ("Home Depot") hereby submits its opposition to plaintiff Michael McGrath's ("Plaintiff") motion requesting dismissal of action without prejudice pursuant to Fed. R. Civ. Proc. 41(a)(2).  Under Fed. R. Civ. Proc. 41(a)(2), it is within the Court's discretion whether to dismiss the action.  For the reasons set forth more fully below, Home Depot urges that the Court dismiss Plaintiff's federal claims *with prejudice* and dismiss Plaintiff's state court claims *without prejudice*.  **Plaintiff has made it clear he will not dismiss his federal ADA claims and that he intends to continue to assert his federal ADA claims in state court if this case is remanded**. Only if the plaintiff's ADA claims are dismissed with prejudice can we avoid a matter that will have to removed again.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff brings this action against Home Depot for the "enforcement of statutes and regulations and codes benefiting health, safety and welfare pertaining to means of egress (blocked and/or obstructed emergency fire exits), and other Cal Fire Code obligations. . ."  (Complaint, p. 1 Dkt. 1-1.)

This action was originally filed in the Superior Court of California, County of San Diego on July 22, 2013.  On August 2, 2013, Home Depot removed this case to federal court.  On September 3, 2013, Plaintiff filed a motion to remand, which has been fully briefed.  On September 5, 2013, Home Depot filed an answer to the complaint.  On October 8, 2013, Plaintiff filed a motion requesting dismissal of action without prejudice pursuant to Fed. R. Civ. Proc. 41(a)(2).

In Plaintiff's motion to dismiss, he states that he "has no intention of pursuing federal claims at all and is only in federal court by defendant's motion to remove." (Motion, p. 2 (Dkt. 18).)  Plaintiff's motion requests dismissal of the entire action without prejudice, so that he can re-file an amended complaint in state court, which removes all reference to his federal claims.

In light of these representations, Home Depot contacted Plaintiff and asked

1. whether he would agree to dismiss his federal claims with prejudice. (Declaration
2. of Adrienne Lee ("Lee Decl."), ¶ 3.) In response, Plaintiff again verbally confirmed
3. his intention not to pursue any federal claims. (Lee Decl., ¶ 4.) Plaintiff also agreed
4. to consider dismissing his federal claims with prejudice. Thereafter, Home Depot
5. presented Plaintiff with a draft stipulation stating the same. (*Id.*)

Despite Plaintiff's multiple statements that he "has no intention of pursuing federal claims," Plaintiff ultimately refused to dismiss his federal claims with prejudice, stating that "I do not want to relinquish any of my rights, privileges or standing for myself or others now or in the future in my pursuit of justice." (Lee Decl., ¶ 5, Ex. A.)

## II.  LEGAL STANDARD AND ANALYSIS

Fed. R. Civ. Proc. 41(a)(2) provides in pertinent part, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request *only by court order*, on terms that the court considers proper." (Emphasis added.)

Whether dismissal should be granted under Rule 41(a)(2) is within the sound discretion of the district court. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Requests for dismissal under this section should be granted unless a defendant can show that it will suffer some plain legal prejudice. *Id*.

Here, the only basis on which Plaintiff seeks a dismissal is so that he can "amend claims to remove any and all federal language from the cause of action and re-file [an] amended complaint in state court." (Motion, p. 2.) However, these representations are belied by Plaintiff's refusal to dismiss his federal claims with prejudice. Plaintiff's refusal suggests that he either intends to forum shop through either (1) re-filing his action federal court, or (2) pleading a federal claim in state court, and thereby forcing Home Depot to again incur expenses in removing the case a second time.

-2-
SMRH:410905768.2
OPPOSITION TO PLAINTIFF'S MOTION FOR DISMISSAL
Case No. 13-cv-1804-WQH-KSC

Given these facts, it is clear Home Depot will suffer plain legal prejudice should the dismissal of Plaintiff's federal claims be without prejudice.

### III.  THE COURT SHOULD DISMISS PLAINTIFF'S FEDERAL CLAIMS WITH PREJUDICE

Since Plaintiff's motion is based on abandoning his federal claims so that he can re-file in state court, and given Plaintiff's representation that he "has no intention of pursuing federal claims at all," the Court should dismiss with prejudice Plaintiff's federal claims raised by and/or asserted by Plaintiff's action against Home Depot.  If the Court does not dismiss with prejudice, Plaintiff would be free to re-assert his federal claims against Home Depot in another federal court action, or file again in state court, thereby forcing Home Depot to incur expenses in removing the case.

The Ninth Circuit has approved the dismissal of federal claims with prejudice upon the plaintiff's filing of a motion for voluntary dismissal pursuant to Rule 41(a)(2).  *See Smith v. Lenches*, supra, 263 F.3d at 975 (affirming dismissal of federal claims with prejudice after California state law was found to be favorable to plaintiff, and plaintiff elected to pursue only the pending state action).

Here, it is likewise appropriate for the Court to dismiss Plaintiff's federal claims with prejudice, to protect Home Depot from having to incur further expenses in litigating a second action, which like the first, asserts federal causes of action. Given Plaintiff's multiple representations (both verbal and on the record) that he does not intend to pursue his federal claims at all, Home Depot respectfully requests that the Court dismiss Plaintiff's federal claims <u>with</u> prejudice.  Home Depot does not oppose the Plaintiff's request for dismissal his state court claims <u>without</u> prejudice.

\\\
\\\
\\\

-3-

-4-

1  Respectfully submitted,

2  Dated:  October 18, 2013         SHEPPARD, MULLIN, RICHTER &
3                                    HAMPTON, LLP

5                          By:   /s/ Gregory F. Hurley
6                                Gregory F. Hurley
                                 Attorneys for Defendant
7                                Home Depot USA., Inc.

# CERTIFICATIE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, 4th Floor, Costa Mesa, CA 92626-1993.

On **October 18, 2013**, I served true copies of the following document(s) described as

**HOME DEPOT U.S.A., INC.'S: (1) OPPOSITION TO PLAINTIFF'S MOTION REQUESTING DISMISSAL OF ACTION WITHOUT PREJUDICE AND IN THE ALTERNATIVE, REMAND; (2) REQUEST THAT THE COURT DISMISS FEDERAL CLAIMS WITH PREJUDICE AND STATE CLAIMS WITHOUT PREJUDICE; and**

**DECLARATION OF ADRIENNE LEE IN SUPPORT OF HOME DEPOT U.S.A., INC.'S: (1) OPPOSITION TO PLAINTIFF'S MOTION REQUESTING DISMISSAL OF ACTION WITHOUT PREJUDICE AND IN THE ALTERNATIVE, REMAND; (2) REQUEST THAT THE COURT DISMISS FEDERAL CLAIMS WITH PREJUDICE AND STATE CLAIMS WITHOUT PREJUDICE**

on the interested parties in this action as follows:

| *Service by Federal Express:* | *Service by ECF:* |
|---|---|
| *Plaintiff Michael McGrath (Pro Se)* | *Attorney for Defendant Home Depot U.S.A., Inc.* |
| Michael McGrath<br>415 Summerhill Terrace<br>Alpine, CA  91901<br>Telephone:  (619) 445-7418<br>Facsimile:<br>E-Mail:     mmhd911@gmail.com | Gregory Francis Hurley, Esq.<br>GHurley@sheppardmullin.com, |

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

/ / /

/ / /

-5-

SMRH:410905768.2

**OPPOSITION TO PLAINTIFF'S MOTION FOR DISMISSAL**
Case No. 13-cv-1804-WQH-KSC

-6-

1   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **October 18, 2013**, at Costa Mesa, California.

_____
James E. Summers