1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA ACCUSER: Michael McGrath, <br><br> Plaintiff, <br><br> vs. <br><br> HOME DEPOT USA, Inc., a Delaware Corporation, and DOES 1 through 99, inclusive, <br><br> Defendant. | CASE NO. 13-cv-1804-WQH-KSC <br><br> ORDER |

HAYES, Judge:

The matters before the Court are the Motion to Remand (ECF No. 9) and Motion for Voluntary Dismissal (ECF No. 18), filed by Plaintiff Michael McGrath.

## I.    Background

On July 22, 2013, Plaintiff Michael McGrath, proceeding pro se, initiated this action by filing a Complaint against Defendant Home Depot USA, Inc. in San Diego County Superior Court.  (ECF No.1-1).

On August 2, 2013, Defendant filed a Notice of Removal in this Court, alleging that this Court has federal question jurisdiction because "the Complaint alleges that it is a civil rights action alleging discrimination claims under the Americans with

1   Disabilities Act, 42 U.S.C. § 12182 *et seq*."  (ECF No. 1 at 2 (citing Compl. ¶¶ 22-30,

2   234, 242-90, ECF No. 1-1)).

3          On September 3, 2013, Plaintiff filed the Motion to Remand.  (ECF No. 9).

4   Plaintiff contends that this Court lacks subject matter jurisdiction because the

5   Complaint only alleges claims pursuant to California state law.  Plaintiff contends that

6   "Plaintiff's inclusion of the Americans with Disabilities Act [in the Complaint] is only

7   an element borrowed to illustrate defendant's alleged unfair, unlawful and fraudulent

8   conduct in violation of California Business and Professional Code ... § 17200." *Id*. at

9   2.  Plaintiff requests an award of "costs and expenses incurred in connection with

10  Defendant's attempt to remove this action." *Id*. at 10.

11         On September 17, 2013, Defendant filed a response in opposition to the Motion

12  to Remand.  (ECF No. 13).  On September 20, 2013, Plaintiff filed a reply in support

13  of the Motion to Remand.  (ECF No. 14).

14         On October 8, 2013, Plaintiff filed the Motion for Voluntary Dismissal.  (ECF

15  No. 18).  Plaintiff moves for an order dismissing this action without prejudice pursuant

16  to Federal Rule of Civil Procedure 41(a)(2).  Plaintiff states that he "is seeking to

17  dismiss this case so that he can amend claims to remove any and all federal language

18  from the Cause of Action and re-file [an] amended Complaint in State court." *Id*. at 2.

19         On October 18, 2013, Defendant filed an opposition to the Motion for Voluntary

20  Dismissal.  (ECF No. 21).  Defendant "urges that the Court dismiss Plaintiff's federal

21  claims *with prejudice* and dismiss Plaintiff's state court claims *without prejudice*." *Id*.

22  at 4.  Defendant states:

23         Since Plaintiff's motion is based on abandoning his federal claims so that
           he can re-file in state court, and given Plaintiff's representation that he
24         'has no intention of pursuing federal claims at all,' the Court should
           dismiss with prejudice Plaintiff's federal claims raised by and/or asserted
25         by Plaintiff's action against Home Depot.  If the Court does not dismiss
           with prejudice, Plaintiff would be free to re-assert his federal claims
26         against Home Depot in another federal court action, or file again in state
           court, thereby forcing Home Depot to incur expenses in removing the
27         case.

28  *Id*. at 6.

1   On October 29, 2013, Plaintiff filed a reply in support of the Motion for

2   Voluntary Dismissal.  (ECF No. 23).

3   **II.   Discussion**

4   Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be

5   dismissed at the plaintiff's request only by court order, on terms that the court considers

6   proper."  Fed. R. Civ. P. 41(a)(2).  Dismissal pursuant to Rule 41(a)(2) is without

7   prejudice unless the order dismissing the case states otherwise.  *See id.*  "Rule 41 vests

8   the district court with discretion to dismiss an action at the plaintiff's instance upon

9   such terms and conditions as the court deems proper."  *Hargis v. Foster*, 312 F.3d 404,

10  412 (9th Cir. 2002).  "A district court should grant a motion for voluntary dismissal

11  under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal

12  prejudice as a result."  *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).  "Although

13  case law does not articulate a precise definition of 'legal prejudice,' the cases focus on

14  the rights and defenses available to a defendant in future litigation."  *Westlands Water*

15  *Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ("For example, in determining

16  what will amount to legal prejudice, courts have examined whether a dismissal without

17  prejudice would result in the loss of a federal forum, or the right to a jury trial, or a

18  statute-of-limitations defense.").

19  After review of the record and the submissions of the parties, the Court finds that

20  Defendant has failed to show that it will suffer plain legal prejudice if this action is

21  dismissed in its entirety without prejudice.  *Cf. id*. at 96 ("[T]he threat of future

22  litigation which causes uncertainty is insufficient to establish plain legal prejudice.");

23  *Hamilton v. Firestone Tire & Rubber Co*., 679 F.2d 143, 145 (9th Cir. 1982) ("Plain

24  legal prejudice ... does not result simply when defendant faces the prospect of a second

25  lawsuit or when plaintiff merely gains some tactical advantage.").  The Court finds that

26  dismissal of this action without prejudice pursuant to Rule 41(a)(2) is appropriate.

27  Plaintiff's alternative request for remand is denied, and Plaintiff's request for costs and

28  expenses is denied.

### III.   Conclusion

IT IS HEREBY ORDERED that the Motion for Voluntary Dismissal (ECF No. 18) is GRANTED, and the Motion to Remand (ECF No. 9) is DENIED.  Pursuant to Federal Rule of Civil Procedure 41(a)(2), this action is dismissed without prejudice. The Clerk of the Court shall close this case.

DATED:  November 4, 2013

William Q. Hayes
**WILLIAM Q. HAYES**
United States District Judge